# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **O.R. and E.C.**

**No. 22-802** (Greenbrier County CC-13-2022-JA-18 and CC-13-2022-JA-19)

## MEMORANDUM DECISION

Petitioner Mother H.B.[1] appeals the Circuit Court of Greenbrier County's September 26, 2022, order terminating her parental rights to the children, O.R. and E.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In March 2022, the DHHR filed a petition alleging that petitioner neglected the children by abusing illegal substances. Specifically, the DHHR asserted that law enforcement executed a search warrant at petitioner's home and found drugs and drug paraphernalia, including methamphetamine, fentanyl, syringes, spoons, a scale, methamphetamine pipes, aluminum foil with a burnt substance, and Naloxone. Petitioner stipulated at the adjudicatory hearing in April 2022 that the children were neglected because of her failure to protect them from her substance abuse. Therefore, the court adjudged petitioner an abusing and neglecting parent. The court then granted petitioner a post-adjudicatory improvement period.

The court held dispositional hearings in May 2022 and September 2022, at which time the DHHR and guardian supported termination of petitioner's parental rights. Petitioner was not present at either hearing but was represented by counsel. At the May 2022 hearing, counsel for petitioner stated she had no information regarding petitioner's whereabouts and was unable to achieve any recent contact. At the September 2022 hearing, counsel for petitioner advised the court that petitioner was en route to a rehabilitation facility. The court proceeded to hear testimony of the DHHR case manager and two social workers. The evidence indicated that, although she started rehabilitation programs on two different occasions, petitioner checked out in five days or less each

---

[1]Petitioner appears by counsel Carrie F. DeHaven. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Heather L. Olcott. Counsel Denise N. Pettijohn appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

time and ultimately failed to complete a treatment program. Despite initially complying with some improvement period terms, petitioner never completed a drug screen and violated the term prohibiting contact with convicted felons and known drug users. Petitioner was evicted from her home, and the DHHR could not verify that she subsequently obtained housing. One social worker testified that petitioner did not interact with the children during the last visits for which she appeared. Petitioner then began making excuses and not appearing for scheduled visits with the children. The court therefore found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future; it was contrary to the best interests of the children to continue efforts toward reunification; and taking into account all dispositional alternatives, it was necessary for the welfare of the children to terminate petitioner's parental rights. It is from the final dispositional order that petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that the circuit court erred in terminating her parental rights rather than allowing her to complete inpatient rehabilitation when she was on the way to a rehabilitation facility on the date of the final dispositional hearing. We have held that,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011).

Here, there was sufficient evidence for the court to conclude that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected. Although petitioner was purportedly on her way to a rehabilitation facility at the time of disposition, she had already unsuccessfully attempted to complete rehabilitation treatments twice. We have held that "courts are not required to exhaust every speculative possibility of parental improvement . . . . Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4, in part. It is clear from the record that petitioner was given ample chances to comply with the terms and conditions of the improvement period prior to disposition. She not only failed to complete a treatment program, but blatantly violated certain terms of her improvement period such as not once submitting to a drug screen.

---

[3]The child O.R. remained in the custody of her non-offending father, S.R, throughout the proceeding. The father of the child E.C. is K.C., who was also named as a respondent but successfully completed an improvement period. The permanency plan for both children is placement in the custody of their respective fathers.

2

We have explained that,

> "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child."

Syl. Pt. 4, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014). While the court found that petitioner's failure to participate in services and comply with conditions of her improvement period demonstrated no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected, the court ultimately and properly concluded that it would be contrary to the best interests of the children to continue efforts toward reunification based on petitioner's actions or lack thereof. Further, we have pointed out that,

> the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child.

*In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). The evidence illustrated petitioner's lack of interest when she failed to interact with the children during visits, made up excuses to avoid visits, and eventually did not appear for scheduled visits. Therefore, termination is indisputably in the best interests of the children.

Accordingly, for the foregoing reasons, we find no error in the decision of the circuit court, and its order of September 26, 2022, is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3